IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02556-MJW

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Plaintiff,

v.

GARY NICKAL and
JESSICA LORENTZ, as Special Administrator of the Estate of Molly Jean Nickal,

Defendants.

---

**ORDER AND RECOMMENDATION REGARDING**

**(1) DEFENDANT JESSICA LORENTZ'S MOTION TO STAY CASE PENDING OUTCOME OF CRIMINAL CASE (Docket No. 27) and**

**(2) DEFENDANT JESSICA LORENTZ'S MOTION TO VACATE AND RESET STATUS CONFERENCE (Docket No. 28)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to a Memorandum (Docket No. 30) referring the subject motions (Docket Nos. 27 & 28) entered by Chief Judge Marcia S. Krieger on March 5, 2018. Now before the Court is (1) Defendant Jessica Lorentz's Motion to Stay Case Pending Outcome of Criminal Case (Docket No. 27) (the "Motion to Stay") and (2) Defendant Jessica Lorentz's Motion to Vacate and Reset Status Conference (Docket No. 28). The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the

1

following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

In this case, Defendant Lorentz explains that Defendant Nickal has been charged with the murder of his wife, who is the decedent in this interpleader case. (Docket No. 27 at 2). According to Defendant Lorentz, Defendant Nickal "has plead not guilty by reason of insanity and impaired mental condition to the charges against him." (*Id.*) Defendant Lorentz asks the Court to stay this civil action while the criminal case against Defendant Nickal proceeds. As she notes, "disposition of the Criminal Case, including the outcome of any of Defendant's rights of appeal, will determine which party is entitled to the proceeds of the" insurance policy at issue in the instant action. (*Id.* at 3).

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated . . . . A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* at 1080–81.

Typically, courts consider the following factors "[w]hen exercising [their] discretion to stay a case in light of pending criminal matters":

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> (2) the status of the [criminal] case, including whether the defendants have been indicted;
> (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
> (4) the private interests of and burden on the defendants;
> (5) the interests of the courts; and
> (6) the public interest.

*Auto-Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14-cv-01580-REB-KLM, 2014 WL 7251678 at *2 (D. Colo. Dec. 19, 2014) (quoting *In re CFS-Related Secs.*

3

*Fraud Litig.*, 256 F. Supp. 2d 1227, 1236–37 (N.D. Okla. 2003)); *see also Brancato v. Panio*, No. 12-cv-02338-MSK-MEH, 2012 WL 6137472, at *2-*3 (D. Colo. Dec. 7, 2012) (weighing the same factors as set forth in *U.S. S.E.C. v. Trujillo*, No. 09-cv-00403-MSK-KMT, 2010 WL 2232388, at *2 (D. Colo. Jun. 1, 2010)).

Here, the Court agrees with Defendant Lorentz that a stay is appropriate. As noted above, this is an interpleader case in which the only question to be answered is how the insurance policy proceeds should be directed after the death of the decedent. Further, Plaintiff's motion requesting permission to deposit the funds into the Court's Registry and to be dismissed from the action (Docket No. 19) was granted by Judge Krieger on February 6, 2018 (Docket No. 25). As a result, engaging in discovery in this case would only serve to deplete the assets of the estate at issue. This would be prejudicial to either Defendant when the outcome of the criminal proceeding against Defendant Nickal may be dispositive of the issues in this case.

For these reasons, the Court will grant the Motion to Stay (Docket No. 27). However, because the duration of the stay that will be required in this case is presently unclear due to the nature of the criminal case and any associated appeals, the Court will also recommend that Judge Krieger administratively close this case pursuant to D.C.COLO.LCivR 41.2. This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo.

Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

In this case, the Court finds that administrative closure is appropriate because it is unclear how long it will be before the criminal case and all available appeals are adjudicated. Therefore, the Court recommends that the case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

WHEREFORE, for the foregoing reasons,

It is hereby ORDERED that Defendant Jessica Lorentz's Motion to Stay Case Pending Outcome of Criminal Case (Docket No. 27) is GRANTED and this case is STAYED;

It is further ORDERED that Defendant Jessica Lorentz's Motion to Vacate and Reset Status Conference (Docket No. 28) is DENIED as moot; and

It is further RECOMMENDED that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions,** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Date: March 6, 2018  
      Denver, Colorado

BY THE COURT

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge